UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERLA LUCERO CASTANON,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-05829-PD

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

**A# 221-462-806**

Perla Lucero Castanon ("Petitioner"), appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The Court has considered the Petition and Respondents' answer. For the reasons stated below, the Petition is dismissed as moot.

## I. Procedural History

On September 28, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, seeking release, and a request to proceed without prepayment of filing fees, Dkt. No. 3. Petitioner alleged she was taken into immigration custody on September 11, 2026. On October 9, 2026, Respondents filed an answer stating that Petitioner was removed to Mexico on September 18, 2026,

and therefore, the Petition was moot. Dkt. No. 10. Respondents attached a Warrant of Removal/Deportation dated September 11, 2026, which includes Petitioner's signature, as well as the port, date and flight number associated with her removal. No reply has been filed and on October 13, 2026, the Court received returned mail that was addressed to Petitioner at Adelanto; the return to sender reflects that Petitioner is "[n]o longer at this address". *See* Dkt. No. 11.

## II. Discussion

### A. The Petition is Moot

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation ... there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.,* 488 F.3d 1061, 1064 (9th Cir. 2007); *Sheikh-Elmi, v. Garland, et al.*, 2025 WL 2404375, at *1 (W.D. Wash. Aug. 4, 2025) (recommending that the matter should be dismissed as moot because "petitioner's habeas petition seeks only release from immigration detention and does not appear to allege any collateral consequence that can be addressed by the Court"); *see also Meija v. Semaia*, 2025 WL 2633165, at * 2 (C.D. Cal. Aug. 21, 2025) (When a petitioner challenges the duration of detention and seeks release from custody

pending removal, courts find that deportation effectively grants petitioner the relief sought and the petition for writ of habeas corpus is moot.).

Petitioner was removed and is no longer in federal custody. Therefore, the Petition no longer presents a live controversy. *See United States v. Geophysical Corp.*, 732 F.2d 693, 698 (9th Cir. 1984) ("A claim is moot if it has lost its character as a present, live controversy."); *see also Machuca-Tellez v. Holder*, 388 Fed. App'x 609, 610 (9th Cir. 2010) (section 2241 petition challenging immigration detention mooted by petitioner's removal from the United States); *Carpio v. Dep't of Homeland Sec.*, 2020 WL 7418966, at *1 (C.D. Cal. Mar. 13, 2020) (same).

**IV. Order**

For the foregoing reasons, the Petition and request to proceed without prepayment of filing fees, Dkt. No. 3, are dismissed as moot. Judgment will be entered dismissing the Petition without prejudice as moot.

IT IS SO ORDERED.

DATE: November 17, 2026

*Patricia Donahue*

Patricia Donahue
United States Magistrate Judge